IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02152-MSK-MEH

CHRISTINE HEHL-GOMEZ,

    Plaintiff,

v.

NASA SPACE CENTER SHUTTLE,

    Defendant.

_____

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss **(# 12)**. The Court has reviewed and considered all of the various filing by the *pro se* Plaintiff, and finds none that are clearly responsive to the issues in the Defendant's motion.

The *pro se* Complaint in this matter is sufficiently brief that it can be quoted in its entirety:

> 1) I called 8/20/09 asking of Judy Riley (Bookkeeper) is still working – no – need to know when stop working. Where is she address and phone number A.S.A.P.
>
> 2) 2 people I can describe – one 99% sure has been seeing my daughter Brooke Ashley Whelan since 11 years old – now 15. At the Space Center.
>
> 3) The man goes by the clone – Colt, x-husband is Mike Whelan. Judy Riley's son.
>
> 4) Today is 8/20/08 about 1½ weeks ago at Mesa motel motor for the last time on T.V. program showed from 2 people at NASA Space Center. 99% [sure?]

1

>5) I've been being watched since 17 years old.  Now I'm 39.  I need questions answered with many questions to ask in court.
>
>6) Where are my 2 kids–

The Defendant moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 8 and 12(b)(6), in addition to raising defects regarding service of process.

In considering the Plaintiff's filings, the Court is mindful of her *pro se* status, and accordingly, reads her pleadings liberally.  *Haines v. Keener,* 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Fed. R. Civ. P. 8 requires a plaintiff's complaint to contain a "short and plain statement of the claim."  Even with liberal construction, the Plaintiff's Complaint is completely incomprehensible.  The Court has consulted the Plaintiff's various additional filings in this action to determine if the Plaintiff has clarified her claims in subsequent filings.  The additional filings shed no greater light on the nature of her claims.  The most coherent one (**# 35**): alleges that the FBI owes her a $5 million reward for turning in a suspect in 2005; that the FBI is attempting to murder her; that 2 men from the "NASA Space Center Shuttle," along with her in-laws, are trying to murder her; that a man named James Veno in Englewood, Colorado assaulted

her; someone in California has abducted her 2 children; unspecified people are watching her and attempting to kill her; Robert Youngblood, a U.S. Marshal in Colorado, can give her help; she wants access to a safe house and the return of her 2 children; and she will be filing a complaint against a Lakewood Police Officer who was following her and "was sleeping with me without telling me he was a cop for over 10 years."

Typically, the Court will not outright dismiss a *pro se* complaint for failure to comply with Rule 8 without first giving the plaintiff the opportunity to amend and clarify the complaint. *See e.g. Williamson v. Owners Resort & Exchange*, 90 Fed.Appx. 342, 345-46 (10th Cir. 2004) (unpublished).  Here, it is apparent from the additional materials filed by the Plaintiff, such as that described above, that leave to amend the Complaint will be of no utility.  Even if one could discern from the Plaintiff's papers the vaguest possibility that further filings could amplify an assertion that a federal actor, such as the FBI owes her for unpaid reward money or was attempting to kill her, the Court is not required to accept fanciful or delusional allegations from a party proceeding *in forma pauperis*.[1]  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  In any event, the Defendant has also made a sufficient showing that more than 120 days have passed since this action was commenced and that the Plaintiff has failed to effectuate proper service under Fed. R. Civ. P. 4.  Accordingly, the matter is also dismissed pursuant to Fed. R. Civ. P. 4(m).

---

[1] The Court notes that this action was removed from state court by the Defendant, and thus, the Plaintiff has not sought leave to proceed *in forma pauperis* in this Court under 28 U.S.C. § 1915.  However, the state court record contains an application by the Plaintiff to proceed *in forma pauperis* there, and thus, the rationale of *Denton* is nevertheless applicable.

The Defendant's Motion to Dismiss **(# 12)** is **GRANTED**.  The Clerk of the Court shall close this case.

Dated this 30th day of July, 2009

**BY THE COURT:**

Marcia S. Krieger
United States District Judge